The People of the State of New York, Respondent, *v.* Joseph Harold Cook, Appellant.

Third Department, June 7, 1973.

*Bertram J. Dube* for appellant.

*Philip A. Berke, District Attorney,* for respondent.

Herlihy, P. J. This is an appeal from a judgment of the County Court of Washington County, rendered October 24, 1972, convicting defendant of reckless endangerment in the first degree and imposing a sentence of two and one-third years to seven years upon his plea of guilty.

The defendant, on September 20, 1972, was arraigned in the Supreme Court on an indictment which charged him with one count of reckless endangerment committed on April 16, 1972 and another count of reckless endangerment committed on April 17, 1972, and a third count of obstructing governmental admin-

istration on April 17, 1972. He was represented by counsel, advised of his rights and, thereafter, with the consent of the defendant, proceedings were transferred to the Washington County Court for further arraignment and disposition.

On October 2, 1972 he was again arraigned in the County Court and then pled guilty to one count of the indictment which charged reckless endangerment on April 17, 1972. The plea was in full satisfaction of all counts of the indictment.

On October 24, 1972 the defendant appeared with his same assigned counsel and he personally moved to withdraw his plea of guilty, asserting that he was innocent of the reckless endangerment count and had pleaded guilty because of his belief that a trial could result in a larger sentence if convicted. The defendant also moved for an opportunity to secure new counsel.

The trial court refused to continue the matter for new counsel and questioned the defendant and his counsel at great length in regard to the reasons for the motion to withdraw the plea.

The defendant could have received a larger sentence if convicted of all three counts and so it does not appear that he was misled as to his alternative. The defendant did not contend that he was innocent of all of the counts of the indictment and, accordingly, this is not a situation where the defendant might have been completely innocent but bargained for a lesser sentence to avoid the vagaries of a trial and the possibility of a larger sentence.

The record does not disclose any abuse of the Trial Judge's discretion in denying the motion insofar as the reasons disclosed by the defendant are concerned.

There are two issues raised in this appeal: (1) whether before denying the motion to withdraw the plea of guilty, the court should have assigned new counsel or allowed the defendant the opportunity to retain counsel; and (2) whether the court should have held a hearing as to the voluntariness of the plea.

(1) Assignment of counsel. This is not a normal case. When the defendant appeared before the court for sentencing some weeks after entering his plea, his assigned counsel, after talking with the defendant, advised the court that he would withdraw and the defendant advised the court that he hopefully would retain new counsel, but the court, after a careful and detailed examination, found no factual reason for accepting either suggestion and in the exercise of its discretion denied the application. The record establishes beyond any shadow of a doubt that assigned counsel was diligent, honest and performed his assignment with ability and good conscience. The only problem with

the defendant was that, during the three-week interval, he had a change of mind. He had, however, made a bargain and on this record should be held to it. There was no legal or other basis for a motion to change attorneys and it was well within the discretion of the trial court to deny the informal application.

(2) A hearing. At the time of sentencing on October 24, 1972 the transcript of proceedings consisted of 31 pages. While *pro forma* it was not a hearing, so far as the defendant is concerned, it was indeed a hearing. Opportunity was afforded to him and his counsel to give their reasons why he should be allowed to withdraw his plea. The record is void of any legal reason in law or in fact for permitting such withdrawal. To grant such a motion under such circumstances would further hinder the administration of justice and be a further cause for court delay.

The defendant was sentenced to a minimum term of from two and one-third years to a maximum term of seven years, which he does not question and which is not excessive.

*People* v. *McClain and King* (32 N Y 2d 697) is not applicable to the present appeal. In our opinion the court herein did conduct a hearing on October 24, 1972 and thereafter denied the motion. In other words, this is not a " normal case " as designated by the court.

It was noted by Judge MUNDER in his dissenting opinion in *People* v. *McClain and King* (*supra*, p. 701), as follows: " I understand the majority opinion to be a caveat to the trial bench that whenever an early application is made to withdraw a guilty plea it may not be summarily denied but the court must place upon the record a sufficient inquiry of the defendant and of his counsel to establish that the plea was knowingly and voluntarily entered and that the request to withdraw it has no merit."

In the present case the trial court complied with that caveat.

The judgment should be affirmed.

GREENBLOTT, J. (dissenting). We dissent and vote to reverse.

It is our opinion that, on the authority of the recent Court of Appeals pronouncement in *People* v. *McClain and King* (32 N Y 2d 697), we are constrained to reverse the judgment and remit the case to Washington County Court for a hearing on defendant's motion to withdraw his plea of guilty. In *McClain and King* (*supra*), as in the case at bar, " the defendant on sentencing asserted his innocence of the crime to which he had only a short time before pleaded guilty." The Court of Appeals quoted from *People* v. *Nixon* (21 N Y 2d 338, 355), stating " under these circumstances * * * ' the court should be

quick to offer the defendant an opportunity to withdraw his plea and at the very least conduct a hearing. Such opportunities offered will squelch the faker and protect the truly misguided ones.' "

We must take issue with the majority's statement that the court did conduct a hearing. After being apprised of defendant's desire to change counsel and to withdraw his plea of guilty on the ground that he was innocent of the crime charged, the court gave defendant and his attorney, who had not known of defendant's desire to change his plea, and was not prepared to properly represent the defendant on this question, a scant few minutes to consult together. The colloquy which thereafter took place could under no circumstances constitute the hearing contemplated by the Court of Appeals, particularly in view of defendant's desire to change counsel.

Under these circumstances, when the defendant is of apparently low intelligence and illiterate, and has expressed confusion over the plea-bargaining process, coupled with protestations of innocence, a full hearing on the motion to withdraw the earlier plea should have been granted. (See *People* v. *Rozzell*, 20 N Y 2d 712.)

Considering that no prejudice to the prosecution has been shown, we do not see how the administration of justice can be undermined by giving a defendant an opportunity, under these circumstances, to have a hearing, since only in this way can the court make an informed determination in accordance with the principles laid down in *People* v. *Nixon* (*supra*).

MAIN and REYNOLDS, JJ., concur with HERLIHY, P. J.; GREEN-BLOTT and COOKE, JJ., dissent and vote to reverse in an opinion by GREENBLOTT, J.

Judgment affirmed.