Chief Judge Breitel.
Defendant was convicted after a jury trial for criminal possession of a weapon, for which he was sentenced to four years’ imprisonment. Police officers, acting under a warrant to search for narcotics or weapons, discovered a loaded pistol in his apartment bedroom. Defendant’s motions to suppress the pistol and his subsequent admission of ownership, on grounds of a defective warrant, were denied after pretrial hearing. The Appellate Division unanimously affirmed his conviction. Defendant appeals.
The order of the Appellate Division should be reversed, appellant’s motions to suppress granted, his conviction vacated, and the indictment dismissed. Probable cause for the search was lacking in the affidavit. Appellant’s observed participation in a single, small-scale narcotics transaction at an unspecified location was insufficient to establish the likelihood that narcotics were kept on his premises. Moreover, the *90 affidavit failed to give the underlying basis for an informant’s assertion that appellant had received a stolen pistol. The search was therefore illegal, and the weapon seized, as well as defendant’s admission of ownership, should have been suppressed.
The warrant to search defendant’s apartment for narcotics or weapons was issued by a Judge of the Criminal Court on April 13, 1971, upon an application by Patrolman Robert Hantz. The underlying affidavit sought to establish probable cause by averring the following investigative leads: On April 5, 1971, eight days prior, Hantz and other police officers had seen appellant pass a glassine envelope to one Mark Antomez, a police officer then under investigation for robbing narcotics dealers and users. A "reliable informant” had told the police that Antomez and one Reginald James at some unspecified times had twice "held up” two narcotics dealers. Officer Hantz located James, who declared that he and Antomez had robbed these dealers of a quantity of narcotics as well as two pistols. James said that Antomez had kept one pistol for himself, and had given the other to appellant Wright. The affidavit did not indicate how James knew Antomez had given Wright the pistol, or when and where this had occurred. James also admitted a third robbery by him and Antomez, in October, 1970, which was independently verified. Notably, the affidavit shows no particular sustained relationship between Wright and the "robbers” or any of the illegal vocations they pursued.
The warrant was executed on April 14, 1971. Defendant’s apartment was searched in his absence, and a loaded pistol discovered in his bedroom. No narcotics were found. When defendant appeared at the precinct approximately 10 to 15 minutes after the search, he identified the weapon as his own.
Perhaps the most egregious defect in the affidavit is its omission of the underlying basis for James’ statement that Wright had received the pistol from Antomez. James’ information to the affiant was hearsay, not the affiant’s personal knowledge, and therefore cognizable only upon a showing of both the informant’s veracity and a basis for his statements (see People v Hanlon, 36 NY2d 549; People v Wheatman, 29 NY2d 337, 344, 31 NY2d 12, cert den sub nom. Marcus v New York, 409 US 1027; People v Hendricks, 25 NY2d 129, 133; United States v Harris, 403 US 573, 577 et seq.; Spinelli v United States, 393 US 410, 415-416; Aguilar v Texas, 378 US 108, 114-115). That James’ declaration was against his penal *91 interest would suffice to clear the first hurdle of credibility (see People v Hanlon, 36 NY2d 549, supra; United States v Harris, 403 US 573, 583-584, supra).
There was, however, no way to judge the reliability of this particular information. The affidavit does not indicate whether James had himself witnessed Antomez giving the pistol to Wright, or whether he had learned of it through further hearsay to him. The Magistrate could not therefore rely on James’ statement (see People v Hendricks, 25 NY2d 129, 134-137, supra; Spinelli v United States, 393 US 410, 417-418, supra). There was no probable cause to believe a pistol was in Wright’s possession, let alone in his apartment.
Finally, the affidavit did not reveal probable cause to believe that narcotics were located in defendant’s apartment. The evidence was too scanty. There was nothing to show that Wright had participated in any of the robberies or drug trafficking by James or Antomez. That narcotics were ever seen in defendant’s apartment is nowhere averred. The single narcotics transaction observed by Hantz is not said to have occurred in or near the apartment. Wright’s giving Antomez one glassine envelope did not establish him as a large-scale dealer or user likely to have narcotics on his premises.
Since the affidavit did not provide probable cause to support a search warrant for either narcotics or weapons, both the pistol and defendant’s admission of ownership should have been suppressed (see People v Hendricks, 25 NY2d 129, 138-139, supra; People v Rodriguez, 11 NY2d 279, 286).
Accordingly, the order of the Appellate Division should be reversed, the conviction vacated, the evidence suppressed, and the indictment dismissed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.