■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS SEIDITA, CARMINE SPULZO and Valentino Bove, Respondents.—Appeal, as limited by the People's brief, from so much of an order of the Supreme Court, Kings County, dated May 11, 1977, as, upon the People's motion to resettle a prior order of the same court, directed that gambling records and paraphernalia seized pursuant to certain search warrants be suppressed as against respondents as the fruits of suppressed communications. The People's notice of appeal is deemed amended to show that it is from the May 11, 1977 order (see CPL 460.10, subd 6). Order reversed insofar as appealed from, on the law, and the gambling records and paraphernalia will be admissible at the trial. As part of an ongoing investigation of illegal gambling operations, the Kings County District Attorney's office applied for, and received, eavesdropping warrants for four telephones situated in Kings and Queens Counties. The warrants were properly obtained, but none of the tapes of the tapped conversations were sealed "immediately" as required by statute (see CPL 700.50, subd 2). Two of the wiretaps are relevant to this appeal. The first intercepted call on telephone number 738-1456 was on August 14, 1975 and the tap terminated on September 2, 1975. The tapes were sealed on September 10, 1975. The first intercepted call on telephone number 381-4109 was on August 26, 1975 and the tap terminated on September 12, 1975. The tapes were sealed on September 18, 1975. The tapes indicated that illegal gambling operations were, in fact, being conducted through use of the tapped telephones. The wiretap of telephone number 738-1456 suggested that another telephone number—647-2870—was to be used for placing bets during the week of September 1, 1975. On September 12, 1975 the District Attorney obtained search warrants for 1314 Dumont Avenue in Brooklyn (which telephone company records listed as the location of telephone number 647-2870), and 1458 Gates Avenue, corresponding to telephone number 381-4109. The application for the Gates Avenue warrant was based solely on quotations from the conversations tapped from telephone number 381-4109. In applying for the Dumont Avenue warrant, the affiant police officer stated that he had spoken to a confidential informant who had provided reliable information in the past. The informant was a runner in a gambling operation and stated that he had placed bets on September 8, 9, 10 and 11, 1975 by telephoning 647-2870. As corroboration for the informant's information, the affidavit also quoted from the wiretap of telephone number 738-1456, which referred to the same telephone number that the informant used to place the bets. When the search warrants were executed, gambling records and paraphernalia were recovered at both locations. The evidence obtained led to the indictments of the defendants on various gambling and (as to defendant Bove) weapons possession charges. By

order entered April 15, 1977, Criminal Term, ordered all of the tapes suppressed on the ground that they had not been immediately sealed. The People do not contest that holding. However, upon the People's motion to resettle the April 15, 1977 order, Mr. Justice Rader ordered the gambling records and paraphernalia seized at the Gates Avenue and Dumont Avenue premises suppressed as well, on the ground that they were "fruits of the * * * suppressed communications." The People appeal from the order suppressing said physical evidence. We believe that evidence obtained pursuant to both the Gates Avenue and Dumont Avenue warrants should be admissible. The evidence obtained pursuant to the Dumont Avenue search warrant was not "derived from" the improperly sealed tapes. The application for the search warrant set forth the hearsay statements of a confidential informant, an admitted runner in an illegal gambling operation, who had himself placed bets at telephone number 647-2870. The statements constituted a declaration against the informant's penal interest, and were based upon the first-hand knowledge of the declarant. The statements, standing alone, are sufficient to establish probable cause (cf. *People v Wright,* 37 NY2d 88, 90-91). Consequently, the search was free from the taint of the improperly sealed tapes, which were also quoted in the affidavit in support of the search warrant. As to the Gates Avenue search warrant, we note that it was issued on the same day electronic surveillance was terminated. Accordingly, it was not affected by the People's subsequent failure to seal the tapes promptly (see *People v Iucci,* 61 AD2d 1; *People v Weiss,* 63 AD2d 662). Mollen, P. J., Gulotta, Margett and O'Connor, JJ., concur.