■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY THOMAS, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered December 27, 1979, convicting defendant, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the third degree. Defendant Bobby Thomas entered a plea of guilty to two counts of criminal sale of a controlled substance in the third degree on December 6, 1979. At his sentencing on December 27, defendant's motion to withdraw his guilty plea was denied and he was sentenced to an indeterminate sentence of four years to life. On this appeal he challenges the denial of his pretrial motions to suppress certain real evidence seized from his apartment and the denial of his motion to withdraw his plea of guilty. We address ourselves first to whether the evidence seized from his apartment should have been suppressed as the fruit of an illegal search. The search warrant in question was issued by Judge Joseph Harris of the Albany County Court on July 9, 1979 upon the application and affidavit of a police officer. The underlying affidavit sought to establish probable cause for the search warrant through the hearsay statements of two informers and an investigation by the Albany Police Department. Informant No. 1 made two controlled and monitored "buys" of heroin from the defendant on June 12, 1979 and June 28, 1979 at defendant's apartment on 2 Warren Street, Albany, New York. The Narcotics Enforcement Unit of the Albany police supervised the "buys" and during each buy, the defendant sold Informant No. 1 a glassine bag containing heroin. Tape recordings were secretly made of each buy. Informant No. 2 had been involved in a supervised "buy" in a parallel investigation. Based upon these investigative leads provided by the informants and an independent investigation by the Albany police, a warrant to search defendant's apartment was issued and 50 bags of heroin were discovered. It is well settled that an application for a search warrant must establish that there is probable cause to believe that the desired evidence is located on the property to which entry is sought (*Zurcher v Stanford Daily,* 436 US 547, 554; *People v Wolzer,* 41 AD2d 679, 681). When such probable cause is predicated on the hearsay statements of an informer, certain precautions have evolved to safeguard the public's expectations of privacy (*People v Elwell,* 50 NY2d 231, 236-237). The seminal case on this subject, *Aguilar v Texas* (378 US 108), requires that a two-pronged test be applied. First, the informer's veracity must be established and second, there must be a reliable factual basis for the informer's information and conclusions (*supra,* p 114). This two-prong standard of scrutiny minimizes the possibility of a needless intrusion into a citizen's liberty without first securing dependable information upon which to conduct a search. Both of the criteria in the two-prong *Aguilar* test were satisfied in the issuance of the search warrant in the instant case. Case law has made clear that "[R]eliability of the informant as distinct from his information can be established either by the arresting, or warrant-seeking, officer attesting to past instances of reliability or by the personal observation by the police of sufficient details corroborative of the informant's data to indicate that he knew whereof he spoke" (*People v Elwell,* 50 NY2d 231, 237, *supra*). Although there were no direct attestations as to the reliability or veracity of the informants by the warrant-seeking officer in the instant case, we are of the view that there was ample corroboration of Informant No. 1's data by way of the supervised purchases of heroin carried out by the informant and closely scrutinized by the authorities. The two sales were corroborated by tape recordings and by the observance and participation of the Narcotics Enforcement Unit of the Albany Police. In short, these monitored purchases indicated that Informant No. 1 "knew whereof he spoke" and, accordingly, established his reliability (see *People v Elwell, supra*). Turning to the second prong of the *Aguilar* test, the reliability of the information, or basis of knowledge requirement, we believe that it has been satisfied in the instant case.

The critical inquiry regarding the "basis of knowledge" prong is whether the supporting affidavits revealed probable cause to believe narcotics were located in defendant's apartment *(People v Wright,* 37 NY2d 88, 91). The extensive participation of the informant with the Albany police in the instant case provides a substantial basis for crediting the hearsay statements. That is, Informant No. 1 had seen and purchased narcotics in defendant's apartment on 2 Warren Street in Albany on at least two occasions under the close observation of the Albany police. These supervised purchases, in addition to an independent investigation conducted by the detectives into defendant's criminal activities, did establish probable cause to believe defendant was trafficking in drugs and that there was a substantial probability that defendant had narcotics in the same apartment wherein he made the monitored sales to Informant No. 1. Defendant also contends that the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea before sentencing and, further, that the trial court erred in disposing of defendant's application without a hearing. The issue of whether to grant permission to withdraw a previously entered plea rests within the court's discretion (CPL 220.60, subd 3; *People v Mason,* 67 AD2d 747, affd 48 NY2d 896). We are of the view that defendant's belated claim of innocence has no basis in the record and, accordingly, we should not disturb the trial court's decision (see *People v Francis,* 38 NY2d 150, 156). Finally, it is clear from the record that the trial court did conduct a summary type hearing upon defendant's motion to withdraw his plea and we are satisfied that defendant was afforded a reasonable opportunity to advance his claims. Consequently, defendant's assertion that he was denied a hearing on the issue is without merit (see *People v Cook,* 42 AD2d 20, 22). Since there is no merit to defendant's contentions, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.