■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ATKINSON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered May 31, 1983, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, criminal possession of marihuana in the fifth degree, criminally using drug paraphernalia in the second degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

Defendant's indictment and conviction followed a police-supervised purchase of heroin from defendant at his apartment by an informant and a subsequent search of the apartment pursuant to a search warrant which uncovered various amounts of drugs, drug paraphernalia and two guns. On appeal, defendant contends that reversal is required because (1) the search warrant was not supported by probable cause, (2) the People failed to turn over two witnesses' statements at the inception of the trial, as mandated by *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) and CPL 240.45 (1) (a), and (3) County Court erred in allowing a police officer to testify as an expert regarding drug paraphernalia and quantities of drugs normally possessed by sellers thereof.

We are not persuaded by defendant's claim regarding the lack of probable cause to support the search warrant. The warrant application was based upon the hearsay statements of an informant and thus was required to establish the veracity of the informant and the reliability of her information *(see, Aguilar v Texas,* 378 US 108; *People v Bigelow,* 66 NY2d 417, 423). Although the informant's written statement was apparently unavailable for review, we take judicial notice of the transcript of testimony taken at the time of the application for the warrant, which is contained in an appendix to the People's brief on this appeal and to which no objection was interposed by defendant. This testimony, coupled with an investigating officer's affidavit, established that the officers arranged for the informant to meet them at the police station in order to set up a supervised purchase of drugs. The informant was strip searched and then given $40. The officers drove her to defendant's apartment and observed her entry and exit therefrom. Upon her return to their car, she handed them a packet containing a powdery substance which she claimed to have purchased from defendant for the $40. She was then driven back to the police station and again strip searched, whereupon it was determined that she no longer possessed the $40. Subsequent testing established that the powder contained heroin. The veracity and reliability of the informant was adequately established by the foregoing observations of the investigating officers and their controlled supervision of the informant's purchase of heroin from defendant *(see, People v Elwell,* 50 NY2d 231, 237; *People v Thomas,* 78 AD2d 940). Likewise, the informant's detailed description of her purchase of heroin from defendant at his apartment, under circumstances where the powder she obtained was tested to be heroin, and she was strip searched prior and

subsequent to the purchase and observed throughout, was sufficient to establish the reliability of her information *(see, People v Thomas, supra)*. Accordingly, probable cause existed for the issuance of a warrant to search defendant's apartment for illegal drugs, drug paraphernalia and instruments used in the dispensation of illegal drugs *(cf.. People v Wright,* 37 NY2d 88, 89-90). We note that given the nature of the items sought, namely, illegal drugs which are easily disposed of, there was sufficient authority for the issuance of a no-knock warrant to search defendant's apartment at any hour of the day or night *(see,* CPL 690.35 [3] [a] [ii]; [3] [b] [i].)

Defendant's assertion, that reversal is mandated due to the People's failure to turn over *Rosario* material consisting of notes taken from an interview with the informant and notes taken by the officer who strip searched the informant, is similarly unavailing. The notes taken from the interview with the informant were duplicated in a deposition taken shortly thereafter, a copy of which was given to defense counsel. Thus, the failure to turn over the interview notes did not constitute error *(see, People v Payne,* 52 NY2d 743, 745; *People v Consolazio,* 40 NY2d 446, 454-455, *cert denied* 433 US 914). Furthermore, since the notes taken by the officer who searched the informant were made available to the defense while the trial was in progress and the officer was on the stand, and ample opportunity was given for cross-examination, any error was harmless and reversal is not mandated *(see, People v Keppler,* 92 AD2d 1032, 1033; *People v Kegelman,* 73 AD2d 977; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.70, p 418).

Defendant's contention that a police officer should not have been allowed to give expert testimony is also without merit. The subject matter of the testimony concerned the use of certain objects as drug paraphernalia, information not within the ordinary knowledge of the trier of fact, and the officer was amply qualified as an expert given his education and experience in the field of investigating drug trafficking *(see, Matott v Ward,* 48 NY2d 455, 459).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.