660

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALAN WEINTRAUB, Appellant.— Appeals by defendant (1) from a judgment of the Supreme Court, Queens County, rendered February 18, 1972, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and sentencing him to an indeterminate prison term of not more than three years, to be served concurrently with another sentence defendant was then serving, and (2) by permission from an order of the same court, dated March 15, 1972, which denied, without a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate said judgment. Judgment affirmed, without prejudice to the claims asserted in the *coram nobis* application. No opinion. Order reversed, on the law, and application granted to the extent of granting a hearing, to be held at the Criminal Term before a Justice other than the one who presided at the guilty pleading and the sentencing. Defendant was convicted on his plea of guilty on January 24, 1972 and sentenced on February 18, 1972. On or about February 25, 1972 he brought this *coram nobis* proceeding, alleging that he was induced to plead guilty by a promise of the District Attorney and the court, communicated to him by his attorney, that he would receive a maximum sentence of one year, to run concurrently with a sentence then being served. In fact, he was sentenced to an indeterminate sentence of zero to three years, to run concurrently with the other sentence. Defendant's allegations of an unkept promise with respect to sentence entitle him to a hearing, unless they are refuted conclusively by the record or are incredible as a matter of law (*People* v. *Bagley*, 23 N Y 2d 814; CPL 440.10, 440.30). The record does not conclusively refute defendant's claims. Nor can it be said that they are incredible as a matter of law. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.