■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHYLLIS DOMBROWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant moved to withdraw her guilty plea when at the sentencing she was asked if she had anything to say before sentence was imposed. Defendant had pleaded guilty to three counts of a 128-count indictment. The record shows that before accepting defendant's plea the court stated that no promise concerning sentence had been made. The court further stated that whenever it made a promise it was put on the record and the court reiterated that none had been made in this case, and asked the defendant if she understood and she replied that she did and that no promise had been made by the court. She was then asked by the court whether any promise had been made by the District Attorney and she replied in the negative. The court asked defendant whether she had consulted with her attorney and was

that his recommendation and her attorney answered that it was. Later, a discussion took place concerning the dismissal of the remaining counts of the indictment and the court said that any understanding on that would have to be put on the record. The District Attorney then agreed that a plea would be in full satisfaction of the indictment. At the time of sentencing, defendant's counsel, apparently believing that a prison term was to be interposed, claimed that during plea bargaining negotiations when an Assistant District Attorney was present the court indicated that after reviewing defendant's probation report, if it was of a mind to incarcerate defendant, she would be given an opportunity to withdraw her plea of guilty and enter a plea of not guilty. The court denied that such a commitment had been made. The Assistant District Attorney named by defendant's counsel was present when she entered her plea of guilty. At that time the court stated that no promise had been made by it, that if one had been made it would be put on the record and asked defendant whether any promise had been made by the District Attorney and she replied that none had been made. The record is clear that no promise was made and defendant offered no proof to the contrary except the unsupported statement of her counsel. Further, defendant admitted at the hearing prior to pleading guilty that she participated in the acts charged in the indictment. Under these circumstances the plea was properly taken by the court and there is no basis to permit its withdrawal *(People v Selikoff,* 35 NY2d 227; *People v Weintraub,* 41 AD2d· 660; *People v Wright,* 20 AD2d 857). (Appeal from judgment of Supreme Court, Erie County, convicting defendant of forgery, third degree and other charges.) Present—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.