■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARL WALRATH, Appellant.—Appeal from a judgment of the County Court, Madison County, rendered October 14, 1975, convicting defendant on his plea of guilty of criminal possession of stolen property in the second degree. On this appeal defendant claims (1) that the trial court erred in not suppressing defendant's statement to a public officer on the ground that his statement was involuntary and in violation of CPL 60.45 and his rights derived from the United States and New York State Constitutions, and (2) that this court should reverse the judgment as a matter of discretion in the interests of justice. The trial court found that evidence presented at the suppression hearing proved beyond a reasonable doubt that defendant's statement was

voluntary and was not obtained in violation of CPL 60.45, and that defendant was properly informed of his *Miranda* rights. The record clearly supports and justifies the trial court's determination. The testimony of the investigator that interrogated defendant advising him of his constitutional rights under *Miranda v Arizona* (384 US 436) is clear and convincing. Defendant did not testify that he was not advised of his rights, but only that he could not remember he was advised. Defendant did admit he signed the written statement prior to signing the confession which certified that he was duly warned and advised of his rights as a suspect. Defendant's claim of a promise by a law enforcement officer which created a substantial risk that he might falsely incriminate himself is unfounded. Defendant admitted on his examination that no promise was made to him. The judgment should not be reversed as a matter of discretion in the interests of justice (CPL 470.15). The record discloses that the Trial Judge impeccably afforded defendant all his rights as an accused. Defendant was indicted for burglary in the third degree, a class D felony. The Trial Judge accepted the recommendation of the District Attorney and allowed defendant to plead guilty to the lesser crime of criminal possession of stolen property, a class E felony. After defendant admitted that he had been convicted of a prior felony on March 25, 1974 in the same court, the court imposed the minimum sentence permissible under the law. The record discloses the trial court treated defendant at all times with utmost fairness and consideration. We again express our disapproval of presenting evidentiary material not in the record on appeal for consideration by the court *(People ex rel. Mills v Guay,* 47 AD2d 678). This new matter should have been presented to the court in which the judgment of conviction was rendered (CPL 440.10, 440.30). Judgment affirmed. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.