## (September 22, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH ANTHONY LAZORE, Appellant.—Appeal from a judgment of the County Court of Franklin County, rendered December 27, 1976, convicting defendant on his plea of guilty of the crime of murder in the second degree. On this appeal defendant maintains that his sentence is unduly harsh and excessive and its 20-year minimum term violated an understanding reached during plea negotiations that a 15-year term minimum would be imposed. The judgment should be affirmed. Defendant pleaded guilty to second degree murder in full satisfaction of the multicount indictment arising from the homicide and an apparently unrelated burglary indictment. Given the brutality of his act in stabbing the victim and the fact that second degree murder carries with it a mandatory sentence of at least 15 years to life (Penal Law, § 70.00, subds 2, 3), we find no clear abuse of discretion committed by the sentencing court in selecting a minimum term of 20 years. The permissible range of the minimum sentence was explained to the defendant before his guilty plea was accepted and he flatly denied that any promise concerning the sentence he would receive had been made by his

attorney, the prosecutor, the court or probation officials. Thus, the record unequivocally contradicts his present claim of an assurance that the least severe minimum sentence would be imposed *(People v Gene SS,* 51 AD2d 1064). The affidavit of his attorney, improperly appended to his brief (see *People v Walrath,* 52 AD2d 961), merely refers to an "impression" that a 15-year minimum term would be selected and concedes that no specific "promise" was made to that effect. Defendant undoubtedly hoped that he would be dealt with leniently, as his colloquy with the trial court reflects, but his disappointed expectations do not amount to proof of an unfulfilled promise sufficient to warrant corrective action on this appeal *(People v Selikoff,* 35 NY2d 227, cert den 419 US 1122; *People v Dombrowski,* 49 AD2d 810). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.