■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER MASON, Appellant.—Appeal from a judgment of the Albany County Court, rendered January 3, 1978, convicting defendant upon his plea of guilty of the crime of burglary in the third degree and sentencing him to a term of imprisonment with a minimum of three years and a maximum of six years. As a result of being apprehended within a building at 879 Madison Avenue in the City of Albany on October 22, 1977, at about 1:55 A.M., the defendant was indicted for the crime of burglary in the third degree, a class D felony. On December 6, 1977, the defendant pleaded guilty, but sentencing was necessarily adjourned because the presentence report was unavailable. After a second adjournment, for the same reason, sentencing was scheduled for December 29, 1977 at which time the District Attorney filed a special information charging the defendant with a prior felony conviction. The defendant moved for permission to withdraw his plea of guilty to the instant indictment. He contended that when he pleaded guilty he did so relying on the assumption that he had been treated as a youthful offender in the disposition of his first burglary indictment in February of 1970. The matter

was adjourned until January 3, 1978 when, at an informal hearing, the sentencing minutes of the first indictment were offered without objection. The defendant was permitted to offer proof and the defendant testified as to his erroneous impression that he was originally treated as a youthful offender and his reliance thereon and then proceeded to retract some of his earlier admissions of his guilt as to the instant indictment. No other evidence was produced by the defendant. The court denied defendant's motion and rendered its sentence and this appeal ensued. The defendant here contends that the sentence was unduly harsh and excessive and that the court further abused its discretion by its denial of the defendant's motion for permission to withdraw his plea of guilty. We find no merit to either contention. As to the issue of excessiveness, we note that this defendant has been incarcerated on at least six different occasions. His arrest and conviction for burglary in the third degree in 1970 involved 10 separate burglaries. His record and deportment up to and including the sentencing process are illustrative of a complete and callous disregard for authority. No extraordinary circumstances are provided and no abuse of discretion occurred (see *People v Finke,* 51 AD2d 1089; *People v Gemmill,* 34 AD2d 177; *People v Caputo,* 13 AD2d 861). The question of whether to grant or deny permission to withdraw a previously entered plea rests within the court's discretion (CPL 220.60, subd 4). At the time of entering his guilty plea, this defendant unequivocally conceded his guilt as to every element of the crime and assured the court that absolutely no promises in relation to the sentence had been made. His assertion that the District Attorney had represented that the defendant was not a predicate felon is without support in the record nor is there a shred of evidence that anyone misled the defendant or his counsel. The defendant was no stranger to the courts and no one should know better than the defendant the circumstances surrounding his earlier felony plea. Moreover, if he or his attorney harbored any doubt the records were available to them. Concededly, the sentencing court broke no promises and in such case the defendant should not be permitted to withdraw the plea because his faulty memory exposed him to a longer sentence than he anticipated (cf. *People v Cataldo,* 39 NY2d 578). Though provided with an opportunity to do so defendant produced no evidence to support his assertion that he was led to believe he was or would be the beneficiary of youthful offender treatment upon his first felony plea. Disappointed expectations do not amount to an unfulfilled promise sufficient to warrant corrective action on this appeal *(People v Lazore,* 59 AD2d 635, 636). Since there is no merit to defendant's contentions, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Kane and Main, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The defendant pleaded guilty to burglary in the third degree, a class D felony, on December 6, 1977. The sentencing was adjourned to December 22 and thereafter adjourned for preparation of a probation report to December 29, 1977. On that day, the District Attorney filed an information charging the defendant with being a predicate felon. The defendant controverted the allegations of the complaint and the matter was adjourned to January 3, 1978 for a hearing. At the hearing, the court found that the defendant had been previously convicted of burglary in the third degree, and adjudged him a predicate felon as charged in the special information. The defendant thereupon requested permission to withdraw his plea of guilty by alleging that he had pleaded guilty to the pending charges under the impression that he had no prior

felony conviction. His attorney averred the same belief. The NYSIIS report used in setting bail had no felony convictions on it. At the plea negotiations, participants were under the impression that the defendant was not a predicate felon. The defendant and his counsel said they would not have entered the plea if it were known to them that defendant would be sentenced as a predicate felon. The defendant further alleged that he was sleeping in the premises where he was arrested and he was not trying to burglarize anything. The arrest report indicated that the defendant was in a high state of intoxication when arrested. The court denied the request to withdraw the plea and sentenced the defendant to three and one-half years to six years in the Clinton Correctional Facility. On this appeal, the defendant contends that it was an abuse of the court's discretion to deny the withdrawal of defendant's plea of guilty. I agree. The New York Court of Appeals has said in *People v Nixon* (21 NY2d 338, 354): "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty." The defendant's protestation of innocence finds some confirmation in the police report which refers to defendant's inebriation. Additionally, defendant and his counsel were misled as to the ramifications of a plea of guilty and should be allowed to plead anew. The judgment should be reversed, and the matter remitted to the Albany County Court for further proceedings upon the indictment.