■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT C. DOUGLAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN KACHULIS, Appellant.—Orders, Supreme Court, Bronx County (John P. Collins, J.), entered September 29, 1986, which denied separate motions by defendants Kachulis and Douglas to vacate judgments of the same court rendered August 16, 1982 convicting them after a jury trial of murder in the second degree and attempted murder in the second degree, and sentencing defendant Douglas to concurrent terms of from 15 years to life and 2 to 6 years and defendant Kachulis to concurrent terms of from 25 years to life and 8⅓ to 25 years, such sentences to run consecutively to sentences of 30 years in prison and life in prison imposed on defendants Douglas and Kachulis, respectively, by the United States District Court for the District of Connecticut, are reversed, on the law, and the motions granted to the extent of directing a hearing on the issues raised.

In 1980 these two defendants were involved in a massive drug conspiracy in the State of Connecticut, the mastermind of which was Lester Bellin, and in which two other coconspirators were John Senior and Joseph Vilela. This criminal scheme had its exotic features, including a plan to transport pure cocaine by sailboat from Lima, Peru, to a United States port using a hollowed-out place of concealment in the seven-foot lead keel. Another related criminal enterprise involved the construction of a laboratory for the cultivation of hallucinogenic mushrooms. For various reasons, including the pressures generated by Kachulis' impending Federal trial for narcotics violations, mutual trust dissolved among the members of the gang, and Bellin and Kachulis concluded that Senior and Vilela would have to be silenced by death. To this end they recruited John McCullough, David Taylor, and Charles Simmons as the killers.

The assigned role of the moving defendants was to lure the two victims to a remote location in Connecticut. From there the three executioners transported the two victims by van to a waterfront warehouse at Hunts Point in The Bronx. With McCullough acting as the triggerman, Senior was shot and killed. Vilela, shot several times and presumed dead, was cast into the East River, but he miraculously fought his way free of his bonds, swam to the surface, and was rescued by the crew of a passing tugboat and survived his injuries.

A Connecticut Federal Grand Jury indicted all participants in this murder and attempted murder for the crime of interstate kidnapping. In the course of that trial, defendants Douglas and Kachulis cooperated fully with the authorities and furnished vital testimony against their former confederates. Pursuant to a bargain, both defendants pleaded guilty to one count of the kidnapping charges, and the nature, content, and enforceability of that bargain lies at the heart of this appeal.

According to the People, the full scope of the bargain was simply that the Federal authorities would call the attention of the United States District Court to the full scope of defendants' cooperation for whatever benefits might accrue to them thereby. If so, the reward to defendants in the Federal forum was modest indeed. Douglas was sentenced to a term of 30 years and Kachulis to life imprisonment on the Federal kidnapping convictions.

On these motions defendants make an impressive showing that a greater *quid pro quo* was exacted by them, namely, that in the ensuing New York State prosecution for murder and attempted murder they were assured by the Assistant Bronx County District Attorney in charge, Stephen Bookin, that whatever sentence they received would run concurrently with the Federal sentences. Jointly tried with McCullough, Taylor and Simmons, these defendants now urge that after their Federal conviction and at the opening of their New York State trial, Mr. Bookin added an impossible additional condition to the plea bargain—that he would only honor it if all three of their codefendants in the New York prosecution pleaded guilty with them. This additional stipulation, if indeed it was an afterthrought superimposed, presented a realistic impossibility of performance, in view of the obvious hostility of McCullough, Taylor and Simmons to them. Since Douglas and Kachulis were obliged to go to trial despite their fervent desire to plead guilty in accordance with the alleged plea bargain, they were convicted out of their own mouths by their testimony at the Federal trial used extensively over vigorous objection at the State trial by the People, and Kachulis' sentence of 25 years to life and Douglas' sentence of 15 years to life were imposed to run *consecutively* to the Federal sentence. Defendants now seek specific performance of their plea bargain and a modification of their State sentences so as to make them run concurrently with their Federal prison terms.

Their position is substantially supported by the two prosecutors who were responsible for conducting the Connecticut

kidnapping trial. These Federal prosecutors, Harold J. Pickerstein and Holly B. Fitzsimmons, set forth the following circumstances, *inter alia,* in their affidavit:

"Both Chief Assistant U.S. Attorney Pickerstein and Assistant U.S. Attorney Fitzsimmons understood from Assistant District Attorney Bookin that his office's position would be that, assuming sufficiently stringent federal sentences, Kachulis and Douglas had nothing additional to fear from the Bronx prosecution. It was always expected, based on the communications with Assistant District Attorney Bookin, that the federal prosecution in Connecticut would proceed first, and that the evidence developed there would be provided to the Bronx D.A. to assist in any subsequent proceedings; both Kachulis and Douglas were expected by the federal authorities in Connecticut to cooperate in the Bronx proceedings by testifying for the prosecution.

"Kachulis and Douglas both testified for the government in Connecticut federal court pursuant to their plea agreements. No significant concessions were made to them in exchange for their testimony, except the implicit representation from New York that they would not face a second prosecution there. That representation was conveyed to Judge Burns *(see* P. 7, 2/17/81 Tr.) Judge Burns sentenced Kachulis to life imprisonment and Douglas to thirty years' imprisonment. Chief Assistant U.S. Attorney Pickerstein spoke to Bookin after the sentences were imposed to advise him of the length of the sentences.

"Chief Assistant U.S. Attorney Pickerstein and Assistant U.S. Attorney Fitzsimmons later learned that the Bronx District Attorney had begun insisting that all the defendants (Kachulis, Douglas, McC[u]llough, Taylor, Simmons) charged in New York plead guilty as a package. Since Kachulis and Douglas had just concluded testifying against their co-defendants in Connecticut, there was little incentive for McC[u]llough, Simmons and Taylor to agree to plead to give Kachulis and Douglas a benefit. Assistant District Attorney Bookin indicated that since he had the transcripts of Kachulis' and Douglas' trial testimony in the federal proceedings in Connecticut, he had no need to produce them as live witnesses in New York, and therefore felt no need to enter into a separate plea agreement with them. However, *he continued to lead Chief Assistant U.S. Attorney Pickerstein and Assistant U.S. Attorney Fitzsimmons to believe that his office would seek sentences concurrent with the federal sentences if Kachulis and Douglas were convicted in New York."* (Emphasis added.)

They further depose: "Had we known that the Bronx District Attorney intended to seek anything other than concurrent sentences for Kachulis and Douglas, we would have arranged to make a formal presentation directly to the sentencing judge so that he would have been aware of the importance of Kachulis' and Douglas' cooperation at the outset of the kidnapping investigation. Because *the Bronx prosecution was always characterized to us by Assistant District Attorney Bookin as insurance* against the possibility that Kachulis and Douglas would not be severely punished in the federal system (a possibility we viewed as remote), it was never contemplated that the federal government should take steps which would have been available to protect Kachulis and Douglas from the New York authorities by, for example, immunizing their testimony, in exchange for their cooperation." (Emphasis added.)

If there were to be an effective rebuttal to all this, it would have to come from the New York State prosecutor, Mr. Bookin. But he is utterly silent on the issue and no explanation is furnished for that silence. Instead, the People cite certain equivocal responses made by Douglas in the course of his cross examination in the Federal trial. However, these are substantially outweighed by the explicit representations made by the Federal prosecutor which are contained in the Connecticut sentencing minutes.

Criminal Term, citing CPL 440.10, denied these applications on the ground that this issue was fully preserved and raised on Kachulis' appeal from his State judgment of conviction, which was affirmed by us without opinion (116 AD2d 1044). On the same basis, relief was denied to defendant Douglas whose appeal is pending before us but has been stayed pending determination of this appeal. As to this procedural barrier, we hold that under CPL 440.10 (1) (g), the affidavit of the Federal prosecutors constitutes newly discovered evidence which should be available in testimonial form at a hearing together with other available proof. In this connection, we note that there has been no lack of due diligence on the part of defendants, inasmuch as they sought to introduce the testimony of Mr. Pickerstein at the Bronx County trial, but were precluded from doing so by the trial court's rulings, and it remained dehors the appellate record of both defendants.

If these defendants were in fact the recipients of an actual promise made by the People, and they fully performed their part of the bargain, they were entitled to rely upon it, and such a promise must be fulfilled *(Santobello v New York,* 404

US 257; *People v Clark,* 45 NY2d 432; *People v Gupta,* 80 AD2d 743). On this record, defendants have clearly made a showing sufficient to entitle them to a hearing on their allegations *(People v Weintraub,* 41 AD2d 660). Concur—Sandler, J. P., Sullivan, Ellerin and Wallach, JJ.