■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASIL DENNIS, Appellant. [636 NYS2d 453] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered April 3, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

After defendant absconded from his prison work release program, a warrant was issued for his arrest. Thereafter, on December 28, 1993, investigators from the State Inspector General's office arrested defendant in a bar located in the Town of Fallsburg, Sullivan County. Following his arrest, defendant was removed from the bar and taken to the police station. Before leaving the car, however, defendant told the investigators that his coat had been left behind at the bar. Subsequently, a Town of Fallsburg police officer returned to the bar for defendant's leather coat, which was found draped over the bar stool where defendant had been sitting. It was retrieved and, before being returned to defendant, was searched for contraband which revealed a leather pouch containing, *inter alia,* 19 packets of cocaine and several marihuana cigarettes.

Defendant was ultimately indicted on charges of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana. Defendant's motion to suppress the items found in his coat, along with the majority of his admissions to the police, was denied following a hearing. Defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and this appeal ensued.

Initially, we reject defendant's contention that County Court improperly ruled that the contraband found in defendant's jacket was admissible at trial. By asking the police for his coat, defendant effectively surrendered the coat to the authorities as a bailment, the same as if he surrendered it at jail to be held for safekeeping during a term of incarceration (*cf., People v Natal,* 75 NY2d 379, 383, *cert denied* 498 US 862). However, the existence of a property interest is not the same as the exis-

tence of a privacy interest (*supra*). "A constitutionally protected privacy interest requires the existence of a subjective expectation of privacy that society is willing to recognize as reasonable" (*supra*, at 383). Here, there is no question that defendant, upon arrest, knew that he was going to be returned to a State correctional facility and, as part of the administrative procedures for his admission, his belongings would have had to be searched. Thus, under these circumstances, it is clear that defendant did not have "a subjective expectation of privacy that society is willing to recognize as reasonable" (*supra*, at 383) since the subject coat would have had to have been searched anyway.

Finally, we note that by pleading guilty, defendant has waived appellate review of any claim that his right to testify before the Grand Jury pursuant to CPL 190.50 was violated (*see, People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855). Since no special circumstances have been presented which would warrant a departure from that general rule (*see, People v Ferrara*, 99 AD2d 257, 259-260), an affirmance is required.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.