■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM MILLER, Appellant. [784 NYS2d 680]—

Spain, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 2, 2003, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

On August 14, 2002, defendant was arrested in connection with his participation in an attempted drug sale during which one of his companions discharged a firearm. The following day, defendant was arraigned in Justice Court. A grand jury convened on August 20, 2002 and handed down a two-count indictment which was later dismissed, having been superceded by another indictment, dated September 9, 2002, charging defendant with seven crimes, including attempted robbery in the first degree.

Defendant moved, pursuant to CPL 190.50, to dismiss the superceding indictment on the ground that he was deprived of his right to testify before the grand jury because he was not assigned an attorney until after the grand jury had met. Prior to obtaining a decision on that motion, defendant pleaded guilty to attempted robbery in the first degree in full satisfaction of the charges against him and waived the right to appeal.

Thereafter, defendant moved to withdraw his plea on the ground of innocence, arguing that the true facts related to the attempted drug sale do not constitute attempted robbery. At that point, defense counsel also moved to withdraw from representing defendant on the basis that he wished to avoid the appearance of any conflict of interest given that he had tentative plans to commence prosecution work for the Franklin County District Attorney's office. County Court subsequently denied both motions and sentenced defendant to $3^1/2$ years in prison. On defendant's appeal, we affirm.

Where, as here, a defendant makes an informed and intelligent waiver of the right to appeal, ordinarily he or she will be precluded from arguing ineffective assistance of counsel, except to the extent that the claimed ineffective assistance impacts upon the voluntariness of the plea (*see People v Almonte [Beano]*, 288 AD2d 632, 633 [2001], *lvs denied* 97 NY2d 726, 727 [2002]; *People v Shaw*, 261 AD2d 648, 649 [1999]). A review of the careful and detailed plea colloquy reveals that defendant specifically retained his right to appeal issues pertaining to his constitutional right to counsel, including the adequacy of counsel. Accordingly, we will address those arguments on appeal.

Specifically, defendant argues that Justice Court and the Public Defender's office failed to promptly appoint an attorney, effectively preventing him from exercising his right to testify before the grand jury. Defendant argues that, once counsel was appointed, he was prejudiced by counsel's failure to move for dismissal pursuant to CPL 190.50. Finally, defendant argues that his second appointed counsel had a conflict of interest.

Defendant's arguments with respect to the proceedings before

Justice Court are premised on documents appended to his brief but not included in the verified record on appeal and, thus, are not properly before us (*see People v Lazore*, 59 AD2d 635, 636 [1977]; *People v Walrath*, 52 AD2d 961, 962 [1976]; *People ex rel. Mills v Guay*, 47 AD2d 678, 679 [1975], *lv denied* 36 NY2d 646 [1975]). In any event, defendant does not dispute that he was informed of his right to counsel at his initial appearance before Justice Court and the record is devoid of proof that he attempted to exercise that right and was prohibited from doing so.

Likewise, a review of the record, in its totality, reveals that defendant was afforded meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]). Notably, a "failure to move to dismiss the indictment based on the prosecution's failure to afford defendant an opportunity to testify before the grand jury, without more, is insufficient to demonstrate ineffective assistance, particularly where defendant failed to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action" (*People v Wright*, 5 AD3d 873, 874-875 [2004]; *see People v Mejias*, 293 AD2d 819, 820 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Galleria*, 264 AD2d 899, 900 [1999], *lv denied* 94 NY2d 880 [2000]). Finally, defendant made no showing of any actual conflict of interest by virtue of defense counsel's future plans to prosecute cases, much less that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' counsel's representation" (*People v Longtin*, 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]; *see People v Harris*, 99 NY2d 202, 210 [2002]).

Defendant's remaining challenges were waived by his guilty plea (*see People v Whitehurst*, 291 AD2d 83, 86 [2002], *lv denied* 98 NY2d 642 [2002]; *People v Dennis*, 223 AD2d 814, 815 [1996], *lv denied* 87 NY2d 972 [1996]) or are without merit.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.