FILED

December 22 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0035

DA 15-0035

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 347N

IN THE MATTER OF:

D.G.J.,

    A Youth.

        Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DJ 14-02
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Wendy Holton, Attorney at Law, Helena, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

        Mary Ann Ries, Pondera County Attorney, Conrad, Montana

Submitted on Briefs:  October 21, 2015
Decided:  December 22, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.G.J. appeals from disposition of the Ninth Judicial District Court, Pondera County, awarding restitution. D.G.J. argues on appeal that he was denied due process when the State did not provide either an affidavit or testimony from the victims regarding the amount of restitution; that the District Court relied on replacement cost instead of market value; and that D.G.J.'s ability to pay was not considered. We affirm.

¶3 Conrad City Police Department (CPD) began investigating a series of vehicle break-ins occurring over a period between approximately July 31 and August 6, 2014. It was apparent that individuals were entering unlocked vehicles, without permission, and removing money and other valuable items. A rifle, cash, prescription pills, cologne, two iPods, a pair of sunglasses, and a wallet were reported missing from various vehicles. Additionally, one person reported her car window had been broken and another reported a cooler full of alcoholic beverages had been taken from his front porch.

¶4 D.G.J. was spotted in the area of Conrad where many of the break-ins were reported and was detained after being found sleeping in a vehicle with a rifle matching the description of the earlier reported stolen weapon. During several interviews with

CPD, D.G.J. and another youth, T.D., admitted to "car-hopping" over the summer, or traveling around searching for unlocked vehicles containing valuables.

¶5 On September 3, 2014, the State filed a Petition alleging D.G.J. perpetrated conduct which, if committed by an adult, would constitute felony Theft by Accountability, in violation of §§ 45-2-301 and 45-6-301, MCA, (Count I); misdemeanor Criminal Trespass to Vehicles by Accountability, in violation of §§ 45-2-301 and 45-6-202, MCA, (Count II); and misdemeanor Theft by Accountability, in violation of §§ 45-2-301 and 45-6-301, MCA, (Count III). Upon an agreement, the State dismissed felony Count I and D.G.J. pled True to misdemeanor Counts II and III. The District Court determined D.G.J. was a Delinquent Youth and ordered he be jointly and severally liable for full restitution totaling $888.00. The District Court's disposition on restitution is the subject of this appeal.

¶6 D.G.J. argues on appeal that the District Court violated his right to due process when it imposed a restitution award in contravention of §§ 46-18-241 and -242, MCA, because the State failed to present either a sworn affidavit describing the victims' pecuniary losses or testimony from the victims at the sentencing hearing. D.G.J. also argues that the District Court erred in relying on replacement value instead of market value and in failing to consider his ability to pay restitution.

¶7 At the restitution hearing, instead of providing an affidavit or testimony from the victims, the State presented evidence of the victims' losses through testimony of the CPD's Chief of Police, Gary Dent. Chief Dent testified using a compilation chart he created that listed the items reported missing between July 31 and August 6, 2014 and an

3

estimate of the item's value. The value estimations were taken from police reports. D.G.J. made no objection or argument regarding the State's evidence on the basis that the values were based on replacement value, rather than market value. Consequently, the District Court did not consider whether imposition of replacement value as compared to market value was appropriate. D.G.J. also did not object or question his ability to pay the amount of restitution imposed by the court.

¶8 The State argues D.G.J. failed to preserve his arguments on appeal. This Court "generally refuse[s] to review on appeal an issue to which the party failed to object to at the trial court." *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892 (citation omitted). In order to preserve an issue for appeal, a party has an obligation to make the basis and grounds of the objection clear to the trial court. *State v. Vukasin*, 2003 MT 230, ¶ 27, 317 Mont. 204, 75 P.3d 1284. The principle of this rule is not to place a "trial court in error where that court has not been given the opportunity to rule on the admissibility of evidence and to correct itself." *Vukasin*, ¶ 29. Here, D.G.J. objected to Chief Dent's testimony related to restitution amounts based on "best evidence, hearsay, [and] confrontation" and the District Court granted him a standing objection on those grounds. However, the rules of evidence do not apply at sentencing, M. R. Evid. 101(c)(3); *State v. Collier*, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996), and it was incumbent upon D.G.J. to state his reasons for objecting to the testimony. None of the arguments currently advanced on appeal were ever presented for the District Court's consideration. The general one-word objections D.G.J. used did not notify the District Court of the grounds now raised on appeal: that the failure of the victims to file

4

affidavits or testify in person at the hearing violated his constitutional right to due process; that the District Court relied upon replacement value instead of market value; and failed to consider his ability to pay. D.G.J. has failed to preserve his alleged errors for appeal.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE