# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44991

| | | |
|---|---|---|
| GILBERTO GARZA JR., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, September 2017 Term |
| | ) | |
| v. | ) | 2017 Opinion No. 112 |
| | ) | |
| STATE OF IDAHO, | ) | Filed:  November 6, 2017 |
| | ) | |
| Respondent. | ) | Karel A. Lehrman, Clerk |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

District court order dismissing petitions for post-conviction relief,  __affirmed__.

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise, for appellant. Maya P. Waldron, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.  Kale D. Gans, Deputy Attorney General argued.

_____

BURDICK, Chief Justice.

Gilberto Garza, Jr., appeals the Ada County district court's order dismissing his petitions for post-conviction relief. Garza signed two plea agreements relating to charges of aggravated assault and possession of a controlled substance with intent to distribute. As part of his plea agreements Garza waived his right to appeal. Despite the waivers, Garza instructed his attorney to appeal. Garza's attorney declined to file the appeals, citing the waivers of appeal in the plea agreements. Garza then filed two petitions for post-conviction relief, alleging his counsel was ineffective for failing to appeal. The district court dismissed Garza's petitions concluding Garza's counsel was not ineffective in failing to appeal. The Court of Appeals agreed and affirmed. We granted Garza's timely petition for review and affirm.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two underlying convictions and two corresponding petitions for post-conviction relief.[1] On January 23, 2015, Garza entered an *Alford* plea to aggravated assault (assault case), and on February 24, 2015, he pleaded guilty to possession of a controlled substance with intent to deliver (possession case). The plea agreements bound the district court to sentence Garza to five years in prison for the assault case (two years fixed, three indeterminate), and another five years in prison for the possession case (one year fixed, four indeterminate). The sentences were to run consecutively, along with another prison sentence previously imposed on Garza. The district court accepted the plea agreements and imposed sentence in accordance with them on the same day Garza entered the possession plea. In both binding Idaho Criminal Rule 11(f)(1)(c) plea agreements, Garza waived his right to appeal, and waived his right to request relief pursuant to Idaho Criminal Rule 35. The court acknowledged that Garza had waived his right to appeal, but advised Garza of his appeal rights anyway. Garza did not appeal the convictions or sentences in the underlying cases.

Approximately four months later, Garza filed a petition for post-conviction relief in each case, asserting among other things that his trial attorney was ineffective for not filing notices of appeal. Garza stated in his affidavit submitted in the possession case that he asked his attorney to appeal, and in his affidavit submitted in his assault case that his attorney failed to appeal despite numerous phone calls and letters from Garza. Garza's former attorney stated in an affidavit that he did not file an appeal because Garza "received the sentence(s) he bargained for in his [plea] agreement" and "an appeal was problematic because [Garza] waived his right to appeal in his Rule 11 agreements."

The court appointed an attorney for Garza and issued a notice of intent to dismiss all of Garza's claims except for his claim of ineffective assistance of counsel. After both parties responded to the notice, the court dismissed all post-conviction claims except for the ineffective assistance of counsel claim regarding the failure to file an appeal. The parties then filed cross-motions for summary adjudication on Garza's remaining claim for post-conviction relief, where Garza sought a reopening of the appeals period in the underlying criminal cases on the basis of

---

[1] The convictions were based on two Idaho Criminal Rule 11 plea agreements that were part of a global agreement that included a third case and other unfiled charges.

ineffective assistance of counsel. The district court dismissed Garza's petitions, and the Court of Appeals affirmed. We granted Garza's timely petition for review.

## II.     ISSUE ON APPEAL

1. Was Garza's attorney ineffective when he did not file an appeal after Garza requested it even though Garza had waived his right to appeal as part of a Rule 11 plea agreement?

## III.     STANDARD OF REVIEW

When addressing a petition for review, this Court will give "serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). **"**Proceedings for post-conviction relief are civil in nature, rather than criminal, and therefore the applicant must prove the allegations in the request for relief by a preponderance of the evidence." *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). The district court may grant a motion by either party for summary disposition for post-conviction relief when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19-4906(c). This Court exercises free review over the district court's "determination as to whether constitutional requirements have been satisfied in light of the facts found." *Dunlap*, 155 Idaho at 361, 313 P.3d at 17 (quoting *State v. Pearce*, 146 Idaho 241, 248, 192 P.3d 1065, 1072 (2008)).

## IV.     ANALYSIS

A criminal defendant is permitted to waive his right to appeal as part of a plea agreement. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). The waiver is valid and will be upheld as long as it was entered into knowingly, voluntarily, and intelligently as part of a plea agreement. *Id.* In this case, the district court found that Garza did not show that his plea was not knowing, voluntary, or intelligent, nor did Garza raise this issue on appeal. The sole issue remaining is whether, despite the appeal waiver, Garza still had the right to appeal and therefore his counsel was ineffective for failing to file an appeal at his request.

This Court has not yet decided whether counsel is ineffective if counsel denies his client's request to file an appeal when the client waived the right to appeal in a binding Idaho Criminal Rule 11 plea agreement. Garza argues that the district court erred in requiring him to show, rather than presuming, his counsel was deficient and that Garza was prejudiced when his attorney declined to file an appeal in light of the waiver. For the reasons discussed below, we affirm the district court's dismissal of Garza's petitions for post-conviction relief.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Booth v. State*, 151 Idaho 612, 617, 262 P.3d 255, 260 (2011). A defendant claiming ineffective assistance of counsel must show that (1) counsel's representation was deficient; and (2) counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688–92; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To show counsel was deficient, the defendant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Generally, when trial counsel fails to file an appeal at a criminal defendant's request, such performance is professionally unreasonable and therefore deficient. *Flores-Ortega*, 528 U.S. at 477; *Beasley v. State*, 126 Idaho 356, 362, 883 P.2d 714, 720 (Ct. App. 1994). To show that counsel's deficient performance was prejudicial, the defendant must show there is a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 669; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This test applies to claims that counsel was ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. However, whether counsel was ineffective becomes unclear when the reason the attorney did not file the appeal is because the client waived the right to appeal as part of a plea agreement.

Neither the United States Supreme Court nor this Court have decided whether an attorney has provided ineffective assistance of counsel if the attorney declines to file an appeal after a defendant has requested it, when the defendant has waived the right to appeal as part of a plea agreement. There is a federal circuit split regarding the issue, which involves differing interpretations of the United State Supreme Court's decision in *Flores-Ortega*. The *Flores-Ortega* case did not involve an appeal waiver, but rather dealt with whether an attorney provided ineffective assistance of counsel when she failed to appeal because it was unclear if her client wanted to appeal. *See Flores-Ortega*, 528 U.S. at 475. The Court held "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.

A majority of federal circuit courts have interpreted *Flores-Ortega* to apply even in situations where the defendant has validly waived his right to appeal. Those circuits hold that

attorneys are ineffective when they do not file an appeal after the clients requested it, regardless of whether the defendants had waived their rights. *See Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 775 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 794 (11th Cir. 2005). Under the majority approach, an attorney is required to file an appeal at his client's request, even if the attorney thinks the appeal would be frivolous. *Campusano*, 442 F.3d at 771–72. When counsel fails to follow his client's express direction to appeal, prejudice is presumed. *Id.* at 772. "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Sandoval-Lopez*, 409 F.3d at 1197.[2]

Two federal circuit courts and a federal district court in an undecided circuit follow the minority approach and hold that *Flores-Ortega* does not require an attorney be presumed ineffective for failing to appeal upon request when there has been a waiver of the right to appeal. *See Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008), *vacated on other grounds by Nunez v. United States*, 554 U.S. 911 (2008); *United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008); *Maes v. United States*, No. 15-CV-240-SM, 2015 WL 9216583, at *3 (D.N.H. Dec. 16, 2015). The minority approach does not presume deficiency or prejudice when an attorney denies his client's instruction to file an appeal when there has been an appeal waiver, and instead requires the defendant meet the test in *Strickland*, which requires showing deficient performance and prejudice. *Nunez*, 546 F.3d at 456. The minority approach holds that when a defendant waives his appellate rights, he no longer has a right to appeal, and therefore an attorney is not bound to file an appeal at his client's request. *Id.* at 455.

Though few other states have addressed the issue, the ones who have continue to apply the *Strickland* test. *See Buettner v. State*, 2015 MT 348N, ¶¶ 14–15 (Mont. 2015) (applying the two-prong test of *Strickland* to determine that counsel was not ineffective in failing to file a

---

[2] While the Ninth Circuit follows the majority approach, its language in *Sandoval-Lopez* seems to indicate it has doubts about the policy considerations implicated under the majority approach. The court expressed that the defendant's appeal would likely have been dismissed or he would have lost, and it was likely wise for his attorney to not file the appeal as it was in breach of the plea agreement. *Sandoval-Lopez*, 409 F.3d at 1197.

notice of appeal); *People v. Miller*, 784 N.Y.S.2d 680, 681–82 (N.Y. App. Div. 2004) ("Where, as here, a defendant makes an informed and intelligent waiver of the right to appeal, ordinarily he or she will be precluded from arguing ineffective assistance of counsel, except to the extent that the claimed ineffective assistance impacts upon the voluntariness of the plea."); *Stewart v. United States*, 37 A.3d 870, 877 (D.C. Ct. App. 2012) (holding *Flores-Ortega* did not control when there had been an appeal waiver, and stating that "[defendant's] claim of ineffective assistance of counsel in relation to the failure to file a notice of appeal is palpably incredible . . . ."); *Kargus v. State*, 169 P.3d 307, 320 (Kan. 2007) (citing Kan. Admin. Regs. § 105-3-9) (applying a modified adaptation of *Flores-Ortega*, however, it is limited by statutory language stating an attorney must "file notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed by the defendant").

In a recent case, this Court discussed *Flores-Ortega* in the context of an ineffective assistance of counsel claim when counsel did not consult with a defendant about filing an appeal after the defendant waived his right to appeal. *McKinney v. State*, 162 Idaho 286, __, 396 P.3d 1168, 1171–72 (2017). In *McKinney*, a defendant waived his right to appeal as part of a Rule 11 sentencing agreement, and then sought post-conviction relief on the ground that his attorney was ineffective for not consulting with him about appealing his sentence, despite having waived his appeal rights in the plea. *Id.* at __, 396 P.3d at 1179. This Court interpreted *Flores-Ortega* to not compel a bright-line presumption of deficiency or prejudice in the failure to consult context. *Id.* Rather, this Court considered whether counsel's failure to consult with the defendant about filing an appeal was deficient conduct that prejudiced the defendant, and concluded it was not. *Id.*

In this case, we decline to presume counsel ineffective for failing to appeal at Garza's request when Garza has waived the right to appeal as part of a plea agreement. Rather, to show ineffective assistance of counsel, Garza must show deficient conduct and resulting prejudice. In so holding, we conclude that *Flores-Ortega* does not require counsel be presumed ineffective for failing to appeal at the client's direction in situations where there has been a waiver of the right to appeal, as there was here.

> The *Flores-Ortega* Court made clear that a presumption of prejudice applies in the context of an ineffectiveness claim because an attorney's deficient performance deprives the defendant of his or her opportunity for an appellate proceeding. Notably, *Flores-Ortega* did not address whether this principle has any force, let alone controls, where the defendant has *waived* his right to appellate and collateral review.

*Mabry*, 536 F.3d at 240 (citations omitted). In fact, the Court in *Flores-Ortega* stated, "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time *and to which he had a right*, similarly demands a presumption of prejudice." 528 U.S. at 483 (emphasis added). Once a defendant has waived his right to appeal in a valid plea agreement, he no longer has a right to such an appeal. Thus, the presumption of prejudice articulated in *Flores-Ortega* would not apply after a defendant has waived his appellate rights. Therefore, an attorney who declines to file the appeal when there has been a waiver will not be presumed ineffective, nor will the attorney be found to have violated the Idaho Rules of Professional Conduct.

This approach is consistent with other areas of Idaho law. Idaho courts do not presume a defendant is prejudiced when an attorney fails to follow his client's instruction to file a Rule 35 motion, despite the client having the right to do so. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).

> [T]o prevail on a claim of ineffective assistance of counsel an applicant . . . must show both that counsel's performance was deficient and that the deficiency prejudiced the applicant. Where the alleged deficiency is counsel's failure to file a . . . motion, a conclusion that the motion, if pursued, would not have been granted, is generally determinative of both prongs of the test. If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit.

*Id.* (quoting *Huck v. State*, 124 Idaho 155, 158–59, 857 P.2d 634, 637–38 (Ct. App. 1993)). As the district court correctly stated, "[i]t would seem anomalous to presume prejudice in the failure-to-appeal context when the defendant waived the right to appeal, yet not presume prejudice in the Rule 35 context even when the defendant has not waived the right to file a Rule 35 motion." Other Idaho cases have adopted similar policies regarding when counsel is ineffective:

> When considering whether an attorney's failure to file or pursue a motion to suppress or strike evidence constitutes incompetent performance, the court is required to examine the probability of success of such a motion in order to determine whether counsel's decision against pressing the motion was within the wide range of permissible discretion and sound trial strategy. In *Carter v. State*, 108 Idaho 788, 794-795, 702 P.2d 826, 832-33 (1985), the Idaho Supreme Court held that counsel's failure to move to suppress the defendant's confession constituted ineffective assistance because it was obvious that the confession would have been suppressed. In *Maxfield v. State*, 108 Idaho 493, 501, 700 P.2d 115, 123 (Ct. App. 1985), we held that newly appointed counsel's failure to renew a motion to suppress was not deficient, since previous counsel had been unsuccessful on the same motion and no new grounds existed. Because it was clear that the new motion would have been denied as well, counsel's failure to make the motion

was not deficient. See also, *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989), (counsel's failure to timely file a motion to suppress evidence seized from defendant's home was not deficient because defendant had failed to show that the items would have been suppressed); *State v. Youngblood*, 117 Idaho 160, 165, 786 P.2d 551, 556 (1990) (failure to move to suppress items seized was not error where items were obviously subject to plain view exception to exclusionary rule); *State v. Walters*, 120 Idaho 46, 56, 813 P.2d 857, 867 (1991) (failure of counsel to object to inadmissible opinion testimony was ineffective assistance.)

*Huck*, 124 Idaho at 158, 857 P.2d at 637. While the above cases do not deal with appeal waivers specifically, they show the policy of this Court to not presume counsel ineffective automatically when counsel exercises judgment in declining to file a motion where it would obviously be denied, or where the motion had previously been unsuccessful. *See Davis*, 116 Idaho at 406, 775 P.2d at 1248.

Moreover, a criminal defense attorney has a duty to the judicial system to exercise professional judgment and not file frivolous litigation, "and an appeal in the teeth of a valid waiver is frivolous." *Nunez*, 546 F.3d at 455; *See also* Idaho Rules of Professional Conduct 3.1. The defendant, even if allowed his appeal, will very likely still have his appeal dismissed as a result of the waiver, and "[t]here is no point in a constitutional rule that would yield an exercise in futility." *Nunez*, 546 F.3d at 456. Garza's attorney chose to exercise professional judgment and uphold the plea agreements that contained his client's original desire to waive his right to appeal. Such an exercise of judgment that keeps frivolous and futile litigation out of the courts will not be presumed ineffective assistance of counsel.

Additionally, a plea agreement is a bilateral contract, to which both the State and defendant are bound. *McKinney*, 162 Idaho at __, 396 P.3d at 1178. Once a defendant has accepted the plea, he should be bound by the waiver therein. *Nunez*, 546 F.3d at 455. "Empty promises are worthless promises; if defendants could retract their waivers . . . then they could not obtain concessions by promising not to appeal." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). "[Garza] exchanged the right to appeal for prosecutorial concessions; he cannot have his cake and eat it too." *Id.* Moreover, a lawyer has a duty to avoid taking actions that will cost their client the benefit of the plea bargain. *Nunez*, 546 F.3d at 455. If an attorney files an appeal despite a waiver in the plea agreement, the agreement may be breached, and the State may now be entitled to disregard the plea in its entirety. Here, filing an appeal would have been a direct violation of the plea agreement, and the State would have been free to revoke the benefits of the plea given to Garza. When Garza's attorney declined to file an appeal because the right to appeal

had been waived, counsel ensured Garza would not be in breach of the plea. We are cognizant that there are conceivable situations where a defendant who has waived his right to appeal as part of a plea agreement may still seek to challenge his conviction or sentence, for example if he is sentenced illegally or the State breaches the plea agreement. This is properly done in a petition for post-conviction relief or writ of habeas corpus, rather than on direct appeal.

In this case, we decline to presume Garza's counsel ineffective when counsel failed to file an appeal at Garza's request because of the appeal waiver. Rather, to show ineffective assistance of counsel for failing to appeal in light of the waiver, Garza needed to show both deficient performance and resulting prejudice. The district court concluded that Garza was unable to show any non-frivolous grounds for appeal, and therefore could not show prejudice. Accordingly, we affirm the district court's dismissal of Garza's petitions for post-conviction relief.

## V.    CONCLUSION

We affirm the district court's dismissal of Garza's petitions for post-conviction relief. This Court does not presume counsel to be automatically ineffective when counsel declines to file an appeal in light of an appeal waiver. Rather, a defendant needs to show deficient performance and resulting prejudice to prove ineffective assistance of counsel. Because Garza cannot show such grounds, his petitions for post-conviction relief were properly dismissed by the district court, and the district court is affirmed.

Justices JONES, HORTON, BRODY and TROUT, Pro Tem, **CONCUR.**